**BOSTON PROFESSIONAL HOCKEY ASSOCIATION, INC., Plaintiff-Appellant,**

v.

**Gerry CHEEVERS et al., Defendants-Appellees.**

**No. 72-1328.**

United States Court of Appeals, First Circuit.

Heard Oct. 3, 1972.

Decided Oct. 10, 1972.

Joseph W. Bartlett, Boston, Mass., with whom Ely, Bartlett, Brown & Proctor, Daniel B. Bickford and James J. Marcellino, Boston, Mass., were on brief, for appellant.

George J. Moscarino, Cleveland, Ohio, with whom Jones, Day, Cockley & Reavis, Cleveland, Ohio, and Edward B. Hanify, John S. Hopkins, III, Richard P. Ward, Loretta W. Holway and Ropes & Gray, Boston, Mass., were on brief for Gerry Cheevers, appellee.

Roger P. Stokey, Boston, Mass., with whom Goodwin, Procter & Hoar, Boston, Mass., was on brief for Derek Sanderson, appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

## MEMORANDUM and ORDER

During hearing on plaintiff's appeal from denial by the district court 348 F. Supp. 261, of a preliminary injunction, it became apparent that views as to the facts and arguments as to legal issues were presented to us which were not, either in substance or in emphasis, presented to the district court. We do not feel that, under these circumstances, we would expedite these proceedings by attempting to rule at the moment on all issues presented by this appeal. Nor would our effort, to the extent that new issues were considered on new factual assumptions, have the benefit of a prior determination by the district court. At the same time, at this early stage of the case, as a matter of justice we do not think that either party should be restricted to the position, or positions, that it or he took below.

We accordingly remand the matter for further and expeditious consideration of the following questions:

1. Are defendant players, wholly apart from any antitrust issue and as a matter of contract law, legally obligated, by their 1971-1972 contracts and any other documents which legally bind them, to arbitrate the question of their salaries for 1972-1973, in the event of a failure to arrive at a mutual agreement, and to be bound by the decision of the arbitrator?

2. Does Clause 17 of the Standard Player's Contract, together with any other legally relevant documents, purport to bind defendant players to an unlimited obligation running to plaintiff or its assigns or were their contracts for 1971–1972 modified by the Arbitration Agreement, or otherwise, so that their obligation is a more limited one?

3. If their obligation to plaintiff under Clause 17 is not unlimited, does the plaintiff have a probability of success in proving the restraint of such clause, together with any other applicable restraints, reasonable?

The answers to these questions may or may not affect the decision of the district court to deny a preliminary injunction. We do not intend, by these questions, to intimate any views as to the likelihood of plaintiff's ultimate success. We are, however, of the view that the plaintiff, both because damages other than monetary are at stake and because of the impossibility of demonstrating the extent of monetary damages, has made a sufficient demonstration that it would probably suffer irreparable damages.

No costs at this time and mandate is ordered to issue forthwith.